UNITED STATES DISTRICT COURT
DISTRICT OF RHODE ISLAND

WILLIAM E. LANCELLOTTI

v.  :  C.A. No. 13-029S

GGP – PROVIDENCE PLACE,
LLC, et al.

**REPORT AND RECOMMENDATION**

Lincoln D. Almond, United States Magistrate Judge

Pending before me for a report and recommendation (28 U.S.C. § 636(b)(1)(B)) is Defendant DTZ, Inc.'s Motion for Summary Judgment. (Document No. 54). Plaintiff, as well as co-Defendants GGP – Providence Place, LLC ("GGP") and AlliedBarton Security Services, LLC ("AlliedBarton"), oppose the Motion. (Document Nos. 59, 61 and 63). A hearing was held on July 21, 2015. For the following reasons, I recommend that DTZ's Motion for Summary Judgment be DENIED.

**Facts**

Plaintiff alleges that he was injured in a fall on an exterior stairway at the Providence Place Mall (the "Mall") on December 7, 2012. Plaintiff alleges that his fall was the result of a "defective and unsafe stair." In particular, he claims that the front edge of the concrete stair had broken and/or deteriorated making the stair unsafe. Plaintiff brings claims of negligence against GGP, the operator of the Mall; AlliedBarton, the Mall's security contractor; and DTZ, Inc. f/k/a UGL Services UNICCO Operations Co., the Mall's janitorial and maintenance contractor. DTZ moves for summary judgment as to Plaintiff's negligence claim and as to GGP and AlliedBarton's cross-claims for indemnification and contribution. DTZ argues that it owed no duty of care to Plaintiff relative to the alleged defective condition of the stair as a matter of law because its "sole duties" relative to

the Mall property relate to providing janitorial, portering and housekeeping services.

During the relevant period, DTZ and GGP were party to a Master Continuing Services Contract dated February 11, 2008 (the "Contract"). The Contract engages DTZ to provide certain janitorial and maintenance services at the Mall. In Exhibit C-1 (General Janitorial Specifications), DTZ agrees that it "shall use warning or caution signs to advise customers, tenants and invitees of all spills and/or hazardous conditions."

On April 21, 2015, Mario Martins testified as DTZ's Rule 30(b)(6) deposition designee. (Document No. 60-1). Mr. Martins had been employed by DTZ and its predecessors for fifteen years and was the DTZ Account Manager at the Mall at the time of Plaintiff's fall. Id. at pp. 7-8. He testified that DTZ performed both housekeeping and maintenance services at the Mall during the time period in question. Id. at p. 9. He testified that DTZ's housekeeping function included "the common areas of the interior of the Mall and we patrol the exterior." Id. at p. 11. He testified that DTZ patrolled the exterior steps in question once each morning between 7:00 and 9:00 a.m. Id. at pp. 12-13. He stated that the purpose was to "remove any debris or graffiti." Id. at p. 13. There is no claim that Plaintiff tripped on debris.

Mr. Martins confirmed that the provision in the contract requiring DTZ to warn about spills and hazardous conditions applied to the steps in question and that he would expect a DTZ employee to report a broken handrail or broken step. Id. at p. 23. He also confirmed that this was because it was part of DTZ's "responsibilities" and "to make sure that the area is safe for the people who are using the stairs." Id. at pp. 23-24. As to the stairs, he testified that "[w]e don't inspect them. But if it's noticeable, yes, we report it." Id. at p. 32. Finally, Mr. Martins indicated that the stairs in question were periodically power washed by DTZ. Id. at pp. 27-28.

**Summary Judgment Standard**

Summary judgment is appropriate if the pleadings, the discovery and disclosure materials on file, and any affidavits show that "there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). When deciding a motion for summary judgment, the Court must review the evidence in the light most favorable to the nonmoving party and draw all reasonable inferences in the nonmoving party's favor. Cadle Co. v. Hayes, 116 F.3d 957, 959 (1st Cir. 1997).

Summary judgment involves shifting burdens between the moving and nonmoving parties. Initially, the burden requires the moving party to aver "an absence of evidence to support the nonmoving party's case." Garside v. Osco Drug, Inc., 895 F.2d 46, 48 (1st Cir. 1990) (quoting Celotex Corp. v. Catrett, 477 U.S. 317, 325 (1986)). Once the moving party meets this burden, the burden falls upon the nonmoving party, who must oppose the motion by presenting facts that show a genuine "trialworthy issue remains." Cadle, 116 F.3d at 960 (citing Nat'l Amusements, Inc. v. Town of Dedham, 43 F.3d 731, 735 (1st Cir. 1995); Maldonado-Denis v. Castillo-Rodriguez, 23 F.3d 576, 581 (1st Cir. 1994)). An issue of fact is "genuine" if it "may reasonably be resolved in favor of either party." Id. (citing Maldonado-Denis, 23 F.3d at 581).

To oppose the motion successfully, the nonmoving party must present affirmative evidence to rebut the motion. See Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 256-257 (1986). "Even in cases where elusive concepts such as motive or intent are at issue, summary judgment may be appropriate if the nonmoving party rests merely upon conclusory allegations, improbable inferences, [or] unsupported speculation." Medina-Munoz v. R.J. Reynolds Tobacco Co., 896 F.2d 5, 8 (1st Cir. 1990). Moreover, the "evidence illustrating the factual controversy cannot be conjectural or

problematic; it must have substance in the sense that it limns differing versions of the truth which a factfinder must resolve." Id. (quoting Mack v. Great Atl. & Pac. Tea Co., 871 F.2d 179, 181 (1st Cir. 1989)). Therefore, to defeat a properly supported motion for summary judgment, the nonmoving party must establish a trialworthy issue by presenting "enough competent evidence to enable a finding favorable to the nonmoving party." Goldman v. First Nat'l Bank of Boston, 985 F.2d 1113, 1116 (1st Cir. 1993) (citing Anderson, 477 U.S. at 249). Additionally, if the affirmative evidence presented by the nonmoving party raises a question of credibility as to the testimony provided by the moving party, summary judgment is inappropriate, and that credibility issue must be presented to the factfinders at trial. Firemen's Mut. Ins. Co. v. Aponaug Mfg. Co., 149 F.2d 359, 363 (5th Cir. 1945) ("The success of an attempt to impeach a witness is always a jury question, as is the credibility of the witnesses where they contradict one another, or themselves.").

**Discussion**

Looking at the evidence as a whole and in the light most favorable to the non-moving parties, DTZ has not met its burden under Rule 56 of showing that it is entitled to judgment as a matter of law as to Plaintiff's negligence claim against it and the cross-claims of GGP and AlliedBarton for indemnification and contribution. It is undisputed that the exterior steps in question were within the scope of DTZ's obligations under the Contract and that the Contract covered both housekeeping and maintenance duties. It is also undisputed that DTZ had a contractual duty to warn customers, tenants and invitees of "all spills and/or hazardous conditions." Further, Mr. Martins testified that the stairs in question were patrolled by DTZ personnel on a daily basis and that he would expect such personnel to report a broken handrail or broken step. He explained that he expected this in order "to make sure that the area is safe for the people who are using the stairs." Finally, GGP responded in

discovery that DTZ would visually examine and inspect the stairs in question in accordance with the terms of the Contract, and that GGP relied upon DTZ to visually inspect stairways for hazardous conditions in accordance with the terms of the Contract and to report and/or correct any such conditions if such repair work was within the scope of the Contract. (Document No. 61-3 at p. 4 and p. 6).

The primary factual disputes in this case include whether or not the stair in question was defective or unsafe, whether Plaintiff was injured as a result and the scope of such injuries. However, based on the evidence discussed above when viewed in the light most favorable to the non-movants, there is also a material question of fact as to whether DTZ had a legal duty to inspect the stairs in question and/or to warn of any hazardous conditions. Accordingly, DTZ is not entitled to summary judgment.

For the foregoing reasons, I recommend that DTZ's Motion for Summary Judgment (Document No. 54) be DENIED. Any objection to this Report and Recommendation must be specific and must be filed with the Clerk of the Court within fourteen (14) days of its receipt. See Fed. R. Civ. P. 72(b); LR Cv 72. Failure to file specific objections in a timely manner constitutes waiver of the right to review by the District Court and the right to appeal the District Court's decision. See United States v. Valencia-Copete, 792 F.2d 4, 6 (1st Cir. 1986); Park Motor Mart, Inc. v. Ford Motor Co., 616 F.2d 603, 605 (1st Cir. 1980).

/s/ Lincoln D. Almond
LINCOLN D. ALMOND
United States Magistrate Judge
July 27, 2015